## Grant v. Plotts et al.

*William Taylor*, for plaintiffs; *Edward F. Hitchcock*, for defendants.

HENDERSON, J., fourteenth judicial district, specially presiding, November 6, 1931.—These cases were tried together, growing out of the same transaction. In the case at No. 1700, June Term, 1930, the judgment had been opened by order of this court to try the question of what, if any, amount is due by the defendants to the use-plaintiff on the judgment note.

The question on the motions of the defendants for judgment n. o. v. and for a new trial in these cases is whether or not there are two judgments for one and the same debt. We think it is clear that there are not two judgments in this case for one and the same debt, as the cases have not proceeded to the point where final judgment has been entered, but in each case only a verdict of a jury is returned in favor of the plaintiff, which is limited to a single recovery on the two verdicts. The principal objection raised to these proceedings by the defendants is that it imposes upon them additional costs. That contention is not tenable, as they voluntarily placed themselves in a position where these costs might be incurred. When the transactions were had between the original payee, Grant, and the defendants, regarding the giving of these notes, for some reason they gave the promissory note sued on at No. 1776, September Term, 1930, and the judgment note entered at No. 1700, June Term, 1930, for the same debt, the judgment note being spoken of as collateral. The payee in these notes transferred the promissory note to John S. E. Pardee, agent, and assigned the judgment note to John S. E. Pardee, both before maturity. There may be some extra costs which the defendants will be obliged to pay by reason of the fact that there are two proceedings, but this should not deprive the plaintiff of his legal remedies to collect the debt once; the fault, if any, is with defendants in creating such conditions.

On the whole record, we are of the opinion that the judgments must be allowed to stand, and, accordingly, the motions in each case will be refused, separate orders being filed in each case, but what has been here said to apply as the opinion in each case. We will file the opinion at No. 1700, June Term, 1930, but the clerk will note the fact at No. 1776, September Term, 1930, that it is filed at No. 1700, June Term, 1930.

                                              From William R. Toal, Media, Pa.